Filed 9/23/24  In re P.V. CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re P.V., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F087532 |
| Plaintiff and Respondent, | (Super. Ct. No. JW139937-02) |
| v. | |
| P.V., | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Wendy L. Avila, Judge.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Hill, P. J., Detjen, J. and Snauffer, J.

In 2019, minor, P.V., was found by the juvenile court to have possessed child pornography and committed battery on a school, park, or hospital property. The court found the allegations true, declared minor a ward of the court, and placed him on probation not to exceed his 21st birthday. In July 2023, minor was found to have violated probation. He was continued as a ward of the court, continued on probation, committed to Camp Erwin Owen (stayed), and ordered to serve a total of 31 days in a juvenile detention center, enroll in AA/NA classes, and enroll in a counseling program. The court found the maximum term of confinement to be one year four months, less 11 days credit for time served, and determined his wardship would not exceed his 21st birthday. In December 2023, the court found minor had tested positive for alcohol and failed to comply with the order to seek counseling; accordingly, it lifted the stay on the commitment to Camp Erwin Owen. Minor now appeals that disposition order. Minor's counsel on appeal filed a brief that summarizes the case and facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We sent a letter advising minor of his right to file a supplemental brief raising any grounds he would like this court to consider. Minor did not respond. We have conducted an independent review. Finding that no reasonably arguable legal or factual issues exist, we affirm.

**PROCEDURAL SUMMARY**

On July 31, 2019, the Kern County District Attorney filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)), alleging minor committed misdemeanor possession of child pornography (Pen. Code, §§ 311.11, subd. (a), 17; count 1).[1]

---

[1] All further statutory references are to the Penal Code except as otherwise indicated.

2.

On September 10, 2019, the Kern County District Attorney filed a second juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)), alleging minor committed misdemeanor battery at a school, park, or hospital (§ 243.2, subd. (a)); count 1).

On September 23, 2019, minor was declared a ward of the juvenile court, not to exceed his 21st birthday, granted probation, and ordered to pay a restitution fine. The terms of minor's probation included completing 80 hours of a work program, anger management counseling and sex offender counseling, attending school regularly, obeying school rules, obeying all laws, and obeying his parent. The court calculated minor's maximum period of confinement at one year four months.

On June 26, 2023, the probation officer filed notice of minor's violation of probation (Welf. & Inst. Code, § 777). Specifically, the notice alleged minor failed to attend school regularly and obey school rules; failed to obey all laws by "evading [a] peace officer" (Veh. Code, § 2800.1, subd. (a)), "obstruct[ing]/resist[ing a] peace officer," (§ 148, subd. (a)(1)), and "driving without a license" (Veh. Code, § 12500, subd. (a)); and failed to obey his parent.

On July 11, 2023, minor was ordered detained at the youth detention center pending further hearing.

On July 21, 2023, minor admitted the allegations in the June 26, 2023 violation of probation notice and requested an immediate disposition. The juvenile court found minor to be a person described in Welfare and Institutions Code section 777, calculated minor's maximum period of confinement at one year four months, less 11 days for time served, continued minor as a ward of the court, continued minor on probation not to exceed his 21st birthday, and ordered minor committed to the youth detention center for 20 days. The terms of minor's probation included that he not use any mind-altering substance, that he participate in substance abuse counseling, and participate in the Turning Winds program, if accepted. The court also committed minor to Camp Erwin Owen, but stayed that commitment pending a review hearing.

3.

On October 9, 2023, the juvenile court held a status conference at which minor failed to appear because he and his mother were both sick and did not have transportation. The court issued and held a bench warrant.

On October 17, 2023, the juvenile court held a status conference. It quashed the previously issued bench warrant and inquired regarding minor's compliance with the terms of probation. It noted that minor had two positive drug tests, admitted to drinking alcohol on one occasion, was not attending substance abuse counseling, was failing classes, and had not provided proof that he enrolled in a counseling program (Turning Winds or otherwise). Despite minor's violations, the court gave him a final opportunity to comply with the terms of his probation and warned minor that if he did not improve, it would lift the stay of the Camp Erwin Owen commitment.

On December 6, 2023, the juvenile court held a status conference. At that conference, minor's counsel provided proof that the preceding day, minor had enrolled in a counseling program. The court further noted that minor had tested positive for alcohol since the last hearing. Based on the positive test and the court's finding that there had been "very, very little progress" in six months, it lifted the stay on the Camp Erwin Owen commitment.

On January 25, 2024, minor filed a notice of appeal.

**FACTUAL SUMMARY[2]**

On April 4, 2023, the principal and center administrator of minor's school authored a letter explaining that minor had not attended school and was officially dropped from the program on March 1, 2023. The letter explained that a teacher had not seen

---

[2] The record before us does not contain any evidence regarding the two Welfare and Institutions Code section 602 petitions. Minor admitted the violation of probation identified in the Welfare and Institutions Code section 777 notice and stipulated to a factual basis for the violation. Our factual summary is of the police reports underlying the portion of the June 26, 2023 violation of probation notice that is contained in the record before us.

4.

minor in over a month and had attempted to contact minor and his mother, but their telephones were disconnected. The school counselor also attempted to contact minor with the same result.

On May 16, 2023, a Tehachapi Police officer attempted to conduct a traffic stop on a vehicle driven by minor. Minor failed to yield, driving at a slow speed after the officer had activated his lights and siren. Minor then abruptly stopped the vehicle and fled on foot. The officer gave chase. He ordered minor to get onto the ground. Minor turned his body away from the officer and the officer pushed him in the center of his back. Minor got on the ground and the officer handcuffed him. The officer ran a records check and determined that minor did not have a valid driver's license.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. She presented no argument for reversal but asked this court to review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d 436.

Our review of the record pursuant to *Wende* has disclosed no reasonably arguable issues on appeal.

## DISPOSITION

The juvenile court's order is affirmed.